moned and sworn by the marshal of the District of Columbia, in virtue and by authority of writ of attachment No. 19, appearances for the county of Washington to December term, 1825, Joseph Lewis v. Nimrod Farrow, to appraise and value the goods and chattels, lands and tenements of Nimrod Farrow, do value and appraise as per the following schedule: Schedule. The money and bank notes of Nimrod Farrow, this day in the office of discount and deposit of the Bank of the United States, at Washington, and to his credit there, amounting to ten thousand eight hundred and two dollars and thirty-five cents; valued and appraised at $10,802.35. Valued and appraised this 17th day of May, 1825. Witness our hands and seals." W. H. (Seal.) C. W. F. (Seal.) H. T. W. (Seal.) J. D. (Seal.)

The Maryland act of 1799, c. 25. § 3, gives the sheriff, "for all goods and chattels which any sheriff shall attach and take into his possession, or wherewith he shall be chargeable, the same fees as on executions."

Mr. Key and Mr. Lear, for plaintiff, contended that the marshal's return was conclusive upon the facts therein stated; and that it did appear by the return that he did take the money and bank notes into his own hands, and was chargeable therewith. If they had been in a bag there could be no question; and it does not appear that they were not.

Mr. Jones, for defendant. It must be such property as is liable to be taken in execution, and must be actually taken into the exclusive possession of the marshal, so as to make him liable therefor. If he find the property in the hands of a third person, he has no right to take it out of his possession, but must summon him as garnishee. The return only shows that the money and bank notes were standing to the credit of Farrow in the bank, and the president, directors, and cashier were summoned as garnishees, which shows that the money and bank notes were not taken out of their possession, and that, consequently, the marshal was not liable therefor. They were never transferred from the credit of Farrow to that of the marshal on the books of the bank. An execution cannot be levied on money in the hands of a third person. The case of Turner v. Fendall, 1 Cranch [5 U. S.] 117, is conclusive upon that point.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion that the marshal was not entitled to poundage on the bank notes, being of opinion, from his return, that if they could lawfully be taken, (of which they doubted,) they were not taken into his actual custody so as to make himself chargeable therefor; but that from the return it appears that he attached only the money and bank notes standing to the credit of N. Farrow in the bank.

RINGGOLD (MANDEVILLE v.). See Case No. 9,015.

RINGGOLD (MOORE v.). See Case No. 9,-773.

## Case No. 11,848.

### RINGGOLD v. NICHOLLS.

[Cited in Mason v. Muncaster, Case No. 9,248. Nowhere reported; opinion not now accessible.]

## Case No. 11,849.

### RINGGOLD v. RENNER.

[2 Cranch, C. C. 263.] [1]

Circuit Court, District of Columbia. Oct. Term, 1821.

PRACTICE AT LAW — BAIL BOND — APPEARANCE — WITHDRAWAL OF ACTION.

The defendant has the whole of the return term to appear in, and if the plaintiff withdraws his action before the end of the term, he cannot maintain a suit on the bail-bond.

Debt on bail-bond. Pleas: 1st. A release. 2d. That John Renner came during the term and offered to appear, but the plaintiffs, Lindsay & Hill, had struck off their suit. 3d. That the defendant, John Renner, appeared at the day, &c.

Mr. Key and Mr. Dunlop, for defendant, contended that this court had decided, in the case of Rhodes v. Brooke [Case No. 11,747], at December term, 1804, that the defendant had a right to appear at any time during the first term, although the plaintiff should have taken an assignment of the bail-bond. The bail-bond cannot be forfeited until the expiration of the time for appearance, given by the rules of the court. Bullock v. Lincoln, 2 Strange, 914. The plaintiffs, by voluntarily dismissing their suit, confess that they have no cause of action against the principal, and then the bail-bond cannot be assigned. The plaintiffs prevented the defendant from appearing, according to the condition of the bond.

Mr. Marbury, contra, contended that the defendant was bound to appear on the first day of the term, when the appearance docket is called; and, if he does not, the plaintiff may amerce the marshal, or take an assignment of the bail-bond. Although the plaintiffs had ordered the suit to be stricken off, the defendant might have had leave of the court to enter his appearance to save the forfeiture of the bond.

THE COURT decided that the defendant had, by the practice of this court, the whole term in which to appear and give special bail; and that the plaintiffs, by dismissing their action during the term, had prevented the defendant from complying with the condition of the bond. Verdict, subject to the opinion of the court.

Judgment for the defendant.

[1] [Reported by Hon. William Cranch, Chief Judge.]